UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-01943-JLS-AJR                    Date: March 17, 2025
Title: Arlene Kim v. Mercedes-Benz USA, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff filed this lemon-law action in Los Angeles County Superior Court, asserting claims against Defendant for (1) breach of implied warranty, (2) breach of express warranty, and (3) violation of the Song-Beverly Consumer Warranty Act. (Compl., Doc. 1-2 ¶¶ 11–38.)  Defendant removed this action on March 5, 2025, invoking this Court's diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(a), 1446(b)(1).  (NOR, Doc. 1.)

As the party invoking the removal jurisdiction of this Court, Defendant bears "the burden of establishing federal jurisdiction."  *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

To fall within this Court's diversity jurisdiction, an action must (1) be between "citizens of different States," and (2) have an amount in controversy that "exceeds the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01943-JLS-AJR  Date: March 17, 2025
Title: Arlene Kim v. Mercedes-Benz USA, LLC et al

sum or value of $75,000." 28 U.S.C. § 1332(d). "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal,'" including the amount in controversy. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)). Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy." *Id.* § 1446(c)(2). Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal." *Moe*, 73 F.4th at 761. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*" *Id.* (quoting *Dart*, 574 U.S. at 87).

The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees. Cal. Civ. Code § 1794(a)–(d). Actual damages are calculated based on the amount actually paid by the buyer and are discounted to account for the use of the subject vehicle by the buyer. Cal. Civ. Code 1793.2(d)(1).

Here, Plaintiff's complaint does not specify the damages sought, so Defendant was obligated to plausibly allege the amount in controversy. (*See generally* Compl.) Defendant contends in its Notice of Removal that, even excluding attorney fees, the amount in controversy exceeds $75,000 based on the total amount of payments due under the subject vehicle's lease agreement and civil penalties. (NOR ¶¶ 10–12.) But "[w]hen a defendant seeks to remove a case brought under the Song-Beverly Act, district courts in this circuit consider the amount a plaintiff has *actually paid* on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Cuevas v. Ford Motor Co.*, 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022) (emphasis added) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)). Moreover, Defendant has not applied any reduction for the use offset, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01943-JLS-AJR                                          Date: March 17, 2025
Title: Arlene Kim v. Mercedes-Benz USA, LLC et al

mandated by the Song-Beverly Act. S*ee Bae v. Ford Mot. Co.*, 2021 WL 5299242, at *2 (C.D. Cal. Nov. 12, 2021) (Staton, J.) (finding the amount in controversy was not satisfied given defendant's failure to consider the use-offset amount in calculating actual damages); *see also Berger v. Mercedes-Benz USA, LLC*, 2021 WL 3013915, at *2 (C.D. Cal. July 15, 2021) (similar). Nor has Defendant provided any facts or evidence regarding the mileage attributable to Plaintiff from which the Court might estimate the use offset in this case. Indeed, "the mileage offset could vary widely depending on the terms of the lease, the time elapsed on the lease, and how much Plaintiff drove the car." *Cuevas*, 2022 WL 1487178, at *2.

The Court also notes that Defendant's estimate of the amount in controversy assumes, without providing any support, that the maximum award of civil penalties would be appropriate in this case. (NOR ¶ 12.) "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022). Rather, "[t]o satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting the award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id*. (internal citation and quotation omitted). Defendant has made no such effort here. And, because Defendant's actual damages calculations are uncertain for the reasons discussed above, any attempt to determine civil penalties is equally uncertain. Cal. Civ. Code § 1794(c); *see also Young v. FCA US LLC*, 2021 WL 5578723, at *2 (C.D. Cal. Nov. 30, 2021) (Staton, J.).

For these reasons, the Court *sua sponte* questions whether the amount-in-controversy requirement is satisfied here. *See Moe*, 73 F.4th at 761–62. Defendant is therefore ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County Superior Court. Plaintiff has **seven (7) days** thereafter to submit any response. No

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01943-JLS-AJR                                     Date: March 17, 2025
Title:  Arlene Kim v. Mercedes-Benz USA, LLC et al

further briefing is permitted.  Following submission of the parties' briefing, which shall not exceed **five (5) pages**, excluding any declaration(s), the matter will be deemed under submission and the Court will thereafter issue an order.

Initials of Deputy Clerk: kd